UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MEEHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17-CV-2876 PLC |
| | ) |
| PNC FINANCIAL SERVICES GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion to dismiss filed by Defendant PNC Bank, National Association.[1] (ECF No. 8). Plaintiff Joseph Meehan opposes the motion. (ECF No. 15). The Court heard oral arguments on February 6, 2018, and the parties submitted post-hearing briefs. (ECF Nos. 25, 29, 30). For the reasons stated below, the Court denies the motion.[2]

### I.    *Factual and Procedural Background*

On October 18, 2017, Plaintiff filed this action in the Circuit Court of Saint Louis County seeking monetary relief for wrongful termination in violation of public policy. (ECF No. 4). Defendant removed the action to this Court on grounds of diversity jurisdiction. (ECF No. 1).

The facts, as alleged in the petition, are as follows: Plaintiff, a state-certified appraiser, worked for Defendant as a "Senior Review Appraiser." (ECF No. 4 at ¶¶ 7, 12). Plaintiff's responsibilities included "evaluating and approving commercial real estate appraisals conducted by local appraisers throughout the United States, for loans financed by [Defendant]." (Id. at ¶

---

[1] Defendant's memorandum in support of its motion to dismiss represents its correct name is PNC Bank, National Association. (ECF No. 9). The caption has Defendant's incorrect name.
[2] The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). (ECF No. 28).

12-13). On October 20, 2015, Defendant notified Plaintiff that it was terminating his employment. (Id. at ¶ 18).

In his petition, Plaintiff states that, under Missouri and federal law, appraisers must comply with the Uniform Standards of Professional Appraisal Practice ("USPAP"). (Id. at ¶ 7) (citing Mo. Rev. Stat. § 339.535; 15 U.S.C. § 1639e(e)). USPAP requires appraisers to perform "comprehensive, analytical review of appraisals" with "impartiality, objectivity, and independence." (Id. at ¶¶ 8-9). According to Plaintiff, his supervisors "routinely require[d] him to ignore such standards when reviewing appraisals" and his "refusal to violate USPAP, state, and other federal guidelines . . . was a contributing factor in his termination." (Id. at ¶¶ 13, 24).

Defendant moves to dismiss Plaintiff's petition under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 8). Defendant argues that the Missouri Whistleblower's Protection Act ("WPA"), Mo. Rev. Stat. § 285.575, effective August 28, 2017, preempts Plaintiff's common law claim and applies retroactively to the conduct alleged in the petition. (ECF Nos. 8 & 9). Plaintiff counters that retroactive application of the WPA is prohibited by the Missouri Constitution's prohibition on *ex post facto* laws. (ECF No. 15).

## II.     *Legal Standard*

In examining a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court accepts all of Plaintiff's factual allegations as true and construes those allegations in Plaintiff's favor. Kulkay v. Roy, 847 F.3d 637, 641 (8th Cir. 2017). To survive such a motion, Plaintiff's complaint "must include sufficient factual allegations to provide the grounds on which the claim rests." Drobnak v. Andersen Corp., 561 F.3d 778, 783 (8th Cir. 2009). Put simply, Plaintiff's claim for relief must be "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Because this is a diversity case, the Court applies state substantive law and federal procedural law. Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996). The parties agree that Missouri substantive law controls.

## III.   Discussion

Defendant moves for dismissal on the ground that the WPA applies retroactively to preempt Plaintiff's common law, wrongful-discharge claim because: (1) the legislature intended the WPA to supplant the common law action; and (2) the WPA is "procedural or remedial in nature." (ECF No. 8). In response, Plaintiff asserts that the WPA applies prospectively because: (1) the plain language of the statute does not "manifest a clear intent" to apply retroactively; and (2) the additional requirements for litigants "as outlined by the WPA are not procedural only and do affect substantive rights of the parties." (ECF No. 15 at 4, 6).

The general rule in Missouri "is that an at-will employee may be terminated for any reason or no reason[.]" Fleshner v. Pepose Vision Inst., P.C., 304 S.W.3d 81, 92 (Mo. banc 2010). Certain exceptions exist, however, including a public-policy exception, which prohibits termination of an at-will employee for either: (1) "refusing to violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governmental body"; or (2) "reporting wrongdoing or violations of law to superiors or public authorities, also known as 'whistleblowing.'" Newsome v. Kansas City, Mo. Sch. Dist., 520 S.W.3d 769, 777 (Mo. banc 2017) (quoting Fleshner, 304 S.W.3d at 92).

To prevail on a Missouri common law whistleblowing action, a plaintiff must demonstrate that: (1) he reported serious misconduct that constituted a violation of law and of well-established and clearly-mandated public policy; (2) his employer discharged him; and (3)

the report "causally contributed to the discharge." Yerra v. Mercy Clinic Springfield Cmtys., 536 S.W.3d 348, 351 (Mo.App.S.D. 2017) (citing Van Kirk v. Burns McDonnell Eng'g Co., Inc., 484 S.W.3d 840, 844-45 (Mo.App.W.D. 2016)). A plaintiff pursuing a common law whistleblowing action may seek actual and punitive damages. See King v. Southwest Foodservice Excellence, LLC, No. 4:17-CV-2551-CDP, 2017 WL 6316830, at *2 (E.D.Mo. Dec. 11, 2017) (citing Fleshner, 304 S.W.3d at 96).

The WPA provides that it "is intended to codify the existing common law exceptions to the at-will employment doctrine," "limit their future expansion by the courts," and "provide the exclusive remedy for any and all claims of unlawful employment practices." Mo. Rev. Stat. § 285.575.3. The WPA prohibits an employer from discharging an employee because that employee: (1) "reported to the proper authorities an unlawful act of his or her employer"; (2) "report[ed] to his or her employer serious misconduct of the employer that violates a clear mandate of public policy as articulated in a constitutional provision, statute, or regulation promulgated under statute"; or (3) "refused to carry out a directive issued by his or her employer that if completed would be a violation of the law." Mo. Rev. Stat. § 285.575.4.

The WPA limits the class of employees that may bring a whistleblower action, stating that an employee is not a "protected person" if:

> (a) The employee is a supervisory, managerial, or executive employee or an officer of his or her employer and the unlawful act or serious misconduct reported concerns matters upon which the employee is employed to report or provide professional opinion; or
> (b) The proper authority or person to whom the employee makes his or her report is the person whom the employee claims to have committed the unlawful act or violation of a clear mandate of public policy[.]

Mo. Rev. Stat § 285.575.2(4). Additionally, the WPA requires a plaintiff to demonstrate that his or her "protected classification" was "the motivating factor," rather than a contributing factor, for

4

the discharge. Mo. Rev. Stat. § 285.575.2(1). Finally, the WPA limits a plaintiff's remedies to actual damages for: (1) back pay; and (2) "medical bills directly related to a violation of this section[.]" Mo Rev. Stat. § 285.575.7. If the plaintiff demonstrates that the employer's conduct was "outrageous because of the employer's evil motive or reckless indifference to the rights of others," he or she may recover an amount "double the amount awarded under subdivisions (1) and (2) . . . as liquidated damages." Id.

Article I, section 13 of the Missouri Constitution provides "[t]hat no ex post facto law, nor law . . . retrospective in its operation . . . can be enacted." Mo. Const. art. 1, § 13. "A law is retrospective *in operation* if it takes away or impairs vested or substantial rights acquired under existing laws or imposes new obligations, duties, or disabilities with respect to past transactions." Hess v. Chase Manhattan Bank, USA, N.A., 220 S.W.3d 758, 769 (Mo. banc. 2007) (emphasis in original) (quoting Doe v. Roman Catholic Diocese of Jefferson City, 862 S.W.2d 338, 340 (Mo. banc. 1993)). Courts presume Missouri statutes operate prospectively unless: (1) "the legislature evidences a clear intent to apply the amended statute retroactively"; or (2) "the statute is procedural in nature." Lawson v. Ford Motor Co., 217 S.W.3d 345, 349 (Mo.App.E.D. 2007).

Defendant asserts that subsection 3 of the WPA evidences the legislature's clear intent that the WPA apply retroactively to events that occurred prior to its effective date. In particular, Defendant points to the statutory provision that the WPA "is intended to codify the existing common law exceptions to the at-will employment doctrine" and "provide the exclusive remedy for any and all claims of unlawful employment practices." Mo. Rev. Stat. § 285.575.3.

The fact that the WPA explicitly replaces the common law cause of action does not establish the legislature's intent that the statute operate retroactively. See, e.g., Billingsley v. Rich Logistics, LLC, No. 4:17-CV-2834 SNLJ, 2018 WL 1924339, at *1-2 (E.D.Mo. April 24,

5

2018) (statutory amendment abrogating all Missouri approved jury instructions addressing civil actions under the Missouri Human Rights Act (MHRA) did not demonstrate the legislature's intent to apply the amendment retroactively); Lawson, 217 S.W.3d at 349 (legislature's comment in amended workers' compensation statute "that it intended to abrogate earlier case law interpretations of the definitions contained in the statute prior to 2005" did not establish that the legislature intended the amendment to apply retroactively). Because the WPA does not specifically address the applicability of its provisions to events that occurred before its effective date, the Court finds that the legislature did not intend for the WPA to operate retroactively. See Lawson, 217 S.W.3d at 349.

Defendant also argues that the WPA applies retroactively because it is a "procedural or remedial statute," meaning that it "does not take away or impair any vested rights, but simply prescribes a new method for enforcing rights that already existed." (ECF No. 9 at 6). "Procedural or remedial statutes 'not affecting substantive rights, may be applied retrospectively, without violating the constitutional ban on retrospective laws." Hess, 220 S.W.3d at 769 (quoting Mendelsohn v. State Bd. of Registration for the Healing Arts, 3 S.W.3d 783, 786 (Mo. banc 1999)). While procedural law "prescribes a method of enforcing rights or obtaining redress for their invasion[,] substantive law creates, defines and regulates rights." Id. (quoting Wilkes v. Mo. Hwy. Transp. Comm'n, 762 S.W.2d 27, 28 (Mo. banc 1988)).

As Defendant recognizes in its motion to dismiss, the WPA "does not protect supervisory, managerial or executive employees or officers who are employed to report or provide professional opinion on the conduct in question." (ECF No. 9 at 4) (citing Mo. Rev. Stat. § 285.575.2(4)). Nor does the WPA protect an employee if he or she "reports the alleged wrongful conduct to the person who the employee claims acted unlawfully." (Id.). These

6

changes to the common law cause of action do not merely prescribe a new method for plaintiffs to enforce their rights. Rather, the amended definition of "protected person" impairs certain employees' previously existing rights to proceed against an employer that discharges the employee for reporting or refusing to participate in serious misconduct. See, e.g., Woodruff v. Jefferson City Area Young Men's Christian Ass'n, 17-4244-CV-C-WJE, 2018 WL 736057, at *3 (W.D.Mo. Jan. 27, 2018); Curtis v. Christian County, Mo., Case No. 6:17-CV-03072-SRB, Doc. No. 45 (W.D.Mo. Feb. 21, 2018). "Because the right to bring a cause of action is a part of the substantive cause of action itself, it cannot be applied retrospectively." Hess, 220 S.W.3d at 776 (Limbaugh, Jr., J., dissenting).

Defendant cites the Missouri Supreme Court's decision in Hess in support of its position that "a statutory change to the class of persons who may enforce an existing right is not substantive." (ECF No. 29 at 3). Defendant's reliance on Hess is misplaced. As the Eastern District explained in the context of amendments to the MHRA, "Hess involved the substitution of a new remedy for the enforcement of an existing right in the context of the Missouri Merchandises Practices Act." Billingsley, 2018 WL 1924339, at *2. Here, in contrast, a large class of employees lost the right to relief from discharge based on acts of whistleblowing.[3]

The WPA also modifies the causation standard from "contributing factor" to "motivating

---

[3] Numerous federal and state courts have determined that amendments to the MHRA, which were enacted along with the WPA by Senate Bill No. 43, are substantive, not procedural. Hurley v. Vendtech-SGI, LLC, No. 16-1222-CV-W-ODS, 2018 WL 736057, at *4 (W.D. Mo. Feb. 6, 2018). See also Billingsley, 2018 WL 1924339, at *1-2; Woodruff v. Jefferson City Area Young Men's Christian Ass'n, No. 17-4244-CV-C-WJE, 2018 WL 736057, at *3 (W.D.Mo. Jan. 27, 2018); Curtis v. Christian County, Mo., Case No. 6:17-CV-03072-SRB, Doc. No. 45 (W.D.Mo. Feb. 21, 2018); Chabries v. Stephens College, et al., No. 17BA-CV02997 (Boone Cty. Cir. Ct. Jan. 3, 2018); Johnston v. Artur Exp., Inc., No. 16SL-CC03520 (St. Louis Cty. Cir. Ct. Dec. 15, 2017). Among other changes, those amendments exclude individuals from the definition of "employer" and modify the causation standard so that a plaintiff must demonstrate that the alleged discriminatory intent was a "motivating," rather than a "contributing," factor. Mo. Rev. Stat. §§ 213.010(8), (19).

7

factor." "A statute's modification of the burden of proof . . . is substantive." Hurley v. Vendtech-SGI, LLC, No. 16-1222-CV-W-ODS, 2018 WL 736057, at *4 (W.D.Mo. Feb. 6, 2018) (amendment to the Missouri Human Rights Act (MHRA) changing the causation standard in employment discrimination cases from "contributing factor" to "motivating factor" was substantive). See also Demi v. Sheehan Pipeline Constr., 452 S.W.3d 211, 215 (Mo.App.E.D. 2014) (the Missouri Supreme Court's change to the burden of proof required for a worker's compensation retaliation claim—from "exclusive cause" to "contributing factor" was a substantive change in the law) (citation omitted); Lawson, 217 S.W.3d at 349-50 (change in standard of causation, from "substantial factor" to "qualifying factor" to qualify as a compensable injury under the workers' compensation law was substantive).

Finally, the WPA changes the common law action for wrongful discharge with respect to damages. The WPA prohibits punitive damages and limits available compensatory damages to backpay and reimbursement for medical bills. Mo. Rev. Stat. § 285.575.7. Retroactively limiting a party's damages after its "cause of action accrued violates [Mo. Const.] article I, section 13['s] ban on the enactment of retrospective laws." City of Harrisonville v. McCall Serv. Stations, 495 S.W.3d 738, 763 (Mo. banc 2016). See also Klotz v. St. Anthony's Med. Ctr., 311 S.W.3d 752, 760 (Mo. banc 2010).

### IV. Conclusion

For the above reasons, the Court finds that the WPA, which is effective August 28, 2017, is substantive and, therefore, does not apply retroactively to Plaintiff's common law claim for wrongful discharge in violation of public policy arising out of his 2015 discharge. Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Plaintiff's petition (ECF No. 8) is **DENIED**.

```
                                    _____
                                    PATRICIA L. COHEN
                                    UNITED STATES MAGISTRATE JUDGE
```

Dated this 8th day of May, 2018