# EXHIBIT E

# UNIFORM STANDARDS OF PROFESSIONAL APPRAISAL PRACTICE

## 2012-2013 EDITION

# 2012-2013 USPAP

**PLUS**

Guidance from the Appraisal Standards Board
+ USPAP ADVISORY OPINIONS
+ USPAP FREQUENTLY ASKED QUESTIONS (FAQ)

Effective January 1, 2012
through December 31, 2013

APPRAISAL STANDARDS BOARD



THE APPRAISAL FOUNDATION
*Authorized by Congress as the Source of Appraisal
Standards and Appraiser Qualifications*

# UNIFORM STANDARDS OF PROFESSIONAL APPRAISAL PRACTICE

# 2012-2013 EDITION



APPRAISAL STANDARDS BOARD

THE APPRAISAL FOUNDATION

*Authorized by Congress as the Source of Appraisal Standards and Appraiser Qualifications*

Published in the United States of America.

ISBN: 978-0-9798728-6-0

All rights reserved.

No parts of this publication may be reproduced, stored in a retrieval system, or transmitted in any form or by any means, electronic, mechanical, photocopy, recording or otherwise, without the prior written consent of the publisher.

## EFFECTIVE:

## January 1, 2012 through December 31, 2013

**PREAMBLE**

The purpose of the *Uniform Standards of Professional Appraisal Practice* (USPAP) is to promote and maintain a high level of public trust in appraisal practice by establishing requirements for appraisers. It is essential that appraisers develop and communicate their analyses, opinions, and conclusions to intended users of their services in a manner that is meaningful and not misleading.

The Appraisal Standards Board promulgates USPAP for both appraisers and users of appraisal services. The appraiser's responsibility is to protect the overall public trust and it is the importance of the role of the appraiser that places ethical obligations on those who serve in this capacity. USPAP reflects the current standards of the appraisal profession.

USPAP does not establish who or which assignments must comply. Neither The Appraisal Foundation nor its Appraisal Standards Board is a government entity with the power to make, judge, or enforce law. Compliance with USPAP is required when either the service or the appraiser is obligated to comply by law or regulation, or by agreement with the client or intended users. When not obligated, individuals may still choose to comply.

USPAP addresses the ethical and performance obligations of appraisers through DEFINITIONS, Rules, Standards, Standards Rules, and Statements.

- The DEFINITIONS establish the application of certain terminology in USPAP.
- The ETHICS RULE sets forth the requirements for integrity, impartiality, objectivity, independent judgment, and ethical conduct.
- The RECORD KEEPING RULE establishes the workfile requirements for appraisal, appraisal review, and appraisal consulting assignments.
- The COMPETENCY RULE presents pre-assignment and assignment conditions for knowledge and experience.
- The SCOPE OF WORK RULE presents obligations related to problem identification, research and analyses.
- The JURISDICTIONAL EXCEPTION RULE preserves the balance of USPAP if a portion is contrary to law or public policy of a jurisdiction.
- The ten Standards establish the requirements for appraisal, appraisal review, and appraisal consulting service and the manner in which each is communicated.
    - STANDARDS 1 and 2 establish requirements for the development and communication of a real property appraisal.
    - STANDARD 3 establishes requirements for the development and communication of an appraisal review.
    - STANDARDS 4 and 5 establish requirements for the development and communication of a real property appraisal consulting assignment.
    - STANDARD 6 establishes requirements for the development and communication of a mass appraisal.
    - STANDARDS 7 and 8 establish requirements for the development and communication of a personal property appraisal.
    - STANDARDS 9 and 10 establish requirements for the development and communication of a business or intangible asset appraisal.
- Statements on Appraisal Standards clarify, interpret, explain, or elaborate on a Rule or Standards Rule.
- Comments are an integral part of USPAP and have the same weight as the component they address. These extensions of the DEFINITIONS, Rules, and Standards Rules provide interpretation and establish the context and conditions for application.

**ETHICS RULE**

**An appraiser must promote and preserve the public trust inherent in appraisal practice by observing the highest standards of professional ethics.**

**An appraiser must comply with USPAP when obligated by law or regulation, or by agreement with the client or intended users. In addition to these requirements, an individual should comply any time that individual represents that he or she is performing the service as an appraiser.**

> Comment: This Rule specifies the personal obligations and responsibilities of the individual appraiser. An individual appraiser employed by a group or organization that conducts itself in a manner that does not conform to USPAP should take steps that are appropriate under the circumstances to ensure compliance with USPAP.

> This ETHICS RULE is divided into three sections: Conduct, Management, and Confidentiality which apply to all appraisal practice.

**Conduct:**

**An appraiser must perform assignments with impartiality, objectivity, and independence, and without accommodation of personal interests.**

**An appraiser:**

- **must not perform an assignment with bias;**

- **must not advocate the cause or interest of any party or issue;**

- **must not accept an assignment that includes the reporting of predetermined opinions and conclusions;**

- **must not misrepresent his or her role when providing valuation services that are outside of appraisal practice;**

- **must not communicate assignment results with the intent to mislead or to defraud;**

- **must not use or communicate a report that is known by the appraiser to be misleading or fraudulent;**

- **must not knowingly permit an employee or other person to communicate a misleading or fraudulent report;**

- **must not use or rely on unsupported conclusions relating to characteristics such as race, color, religion, national origin, gender, marital status, familial status, age, receipt of public assistance income, handicap, or an unsupported conclusion that homogeneity of such characteristics is necessary to maximize value;**

- **must not engage in criminal conduct;**

- **must not willfully or knowingly violate the requirements of the RECORD KEEPING RULE; and**

- **must not perform an assignment in a grossly negligent manner.**

> Comment: Development standards (1-1, 3-1, 4-1, 6-1, 7-1 and 9-1) address the requirement that "an appraiser must not render appraisal services in a careless or negligent manner." The above requirement deals with an appraiser being grossly negligent in performing an assignment which would be a violation of the Conduct section of the ETHICS RULE.

ETHICS RULE

If known prior to accepting an assignment, and/or if discovered at any time during the assignment, an appraiser must disclose to the client, and in the subsequent report certification:

- **any current or prospective interest in the subject property or parties involved; and**

- **any services regarding the subject property performed by the appraiser within the three year period immediately preceding acceptance of the assignment, as an appraiser or in any other capacity.**

> Comment: Disclosing the fact that the appraiser has previously appraised the property is permitted except in the case when an appraiser has agreed with the client to keep the mere occurrence of a prior assignment confidential. If an appraiser has agreed with a client not to disclose that he or she has appraised a property, the appraiser must decline all subsequent assignments that fall within the three year period.

**Management:**

**An appraiser must disclose that he or she paid a fee or commission, or gave a thing of value in connection with the procurement of an assignment.**

> Comment: The disclosure must appear in the certification and in any transmittal letter in which conclusions are stated; however, disclosure of the amount paid is not required. In groups or organizations engaged in appraisal practice, intra-company payments to employees for business development do not require disclosure.

**An appraiser must not accept an assignment, or have a compensation arrangement for an assignment, that is contingent on any of the following:**

1. **the reporting of a predetermined result (e.g., opinion of value);**

2. **a direction in assignment results that favors the cause of the client;**

3. **the amount of a value opinion;**

4. **the attainment of a stipulated result (e.g., that the loan closes, or taxes are reduced); or**

5. **the occurrence of a subsequent event directly related to the appraiser's opinions and specific to the assignment's purpose.**

**An appraiser must not advertise for or solicit assignments in a manner that is false, misleading, or exaggerated.**

**An appraiser must affix, or authorize the use of, his or her signature to certify recognition and acceptance of his or her USPAP responsibilities in an appraisal, appraisal review, or appraisal consulting assignment (see Standards Rules 2-3, 3-6, 5-3, 6-9, 8-3, and 10-3). An appraiser may authorize the use of his or her signature only on an assignment-by-assignment basis.**

**An appraiser must not affix the signature of another appraiser without his or her consent.**

> Comment: An appraiser must exercise due care to prevent unauthorized use of his or her signature. An appraiser exercising such care is not responsible for unauthorized use of his or her signature.

**Confidentiality:**

**An appraiser must protect the confidential nature of the appraiser-client relationship.**

**An appraiser must act in good faith with regard to the legitimate interests of the client in the use of confidential information and in the communication of assignment results.**

USPAP 2012-2013 Edition
©The Appraisal Foundation

**An appraiser must be aware of, and comply with, all confidentiality and privacy laws and regulations applicable in an assignment.[2]**

**An appraiser must not disclose: (1) confidential information; or (2) assignment results to anyone other than:**

- **the client;**

- **persons specifically authorized by the client;**

- **state appraiser regulatory agencies;**

- **third parties as may be authorized by due process of law; or**

- **a duly authorized professional peer review committee except when such disclosure to a committee would violate applicable law or regulation.**

**A member of a duly authorized professional peer review committee must not disclose confidential information presented to the committee.**

> Comment: When all confidential elements of confidential information and assignment results are removed through redaction or the process of aggregation, client authorization is not required for the disclosure of the remaining information, as modified.

---

[2] Pursuant to the passage of the Gramm-Leach-Bliley Act in 1999, numerous agencies have adopted privacy regulations. Such regulations are focused on the protection of information provided by consumers to those involved in financial activities "found to be closely related to banking or usual in connection with the transaction of banking." These activities have been deemed to include "appraising real or personal property." (Quotations are from the Federal Trade Commission, Privacy of Consumer Financial Information; Final Rule, 16 CFR Part 313.)

**RECORD KEEPING RULE**

**An appraiser must prepare a workfile for each appraisal, or appraisal review, or appraisal consulting assignment. A workfile must be in existence prior to the issuance of any report. A written summary of an oral report must be added to the workfile within a reasonable time after the issuance of the oral report.**

**The workfile must include:**

- **the name of the client and the identity, by name or type, of any other intended users;**

- **true copies of any written reports, documented on any type of media. (A true copy is a replica of the report transmitted to the client. A photocopy or an electronic copy of the entire report transmitted to the client satisfies the requirement of a true copy.);**

- **summaries of all oral reports or testimony, or a transcript of testimony, including the appraiser's signed and dated certification;**

- **all other data, information, and documentation necessary to support the appraiser's opinions and conclusions and to show compliance with USPAP, or references to the location(s) of such other documentation; and**

- **a workfile in support of a Restricted Use Appraisal Report must be sufficient for the appraiser to produce a Summary Appraisal Report (for assignments communicated under STANDARDS 2 and 8) or an Appraisal Report (for assignments communicated under STANDARD 10).**

**An appraiser must retain the workfile for a period of at least five years after preparation or at least two years after final disposition of any judicial proceeding in which the appraiser provided testimony related to the assignment, whichever period expires last.**

**An appraiser must have custody of the workfile, or make appropriate workfile retention, access, and retrieval arrangements with the party having custody of the workfile. This includes ensuring that a workfile is stored in a medium that is retrievable by the appraiser throughout the prescribed record retention period.**

**An appraiser having custody of a workfile must allow other appraisers with workfile obligations related to an assignment appropriate access and retrieval for the purpose of:**

- **submission to state appraiser regulatory agencies;**

- **compliance with due process of law;**

- **submission to a duly authorized professional peer review committee; or**

- **compliance with retrieval arrangements.**

  Comment:  A workfile must be made available by the appraiser when required by a state appraiser regulatory agency or due process of law.

**An appraiser who willfully or knowingly fails to comply with the obligations of this RECORD KEEPING RULE is in violation of the ETHICS RULE.**

USPAP 2012-2013 Edition
©The Appraisal Foundation

## COMPETENCY RULE

**An appraiser must: (1) be competent to perform the assignment; (2) acquire the necessary competency to perform the assignment; or (3) decline or withdraw from the assignment.**

### Being Competent

**The appraiser must determine, prior to accepting an assignment, that he or she can perform the assignment competently. Competency requires:**

1. **the ability to properly identify the problem to be addressed; and**

2. **the knowledge and experience to complete the assignment competently; and**

3. **recognition of, and compliance with, laws and regulations that apply to the appraiser or to the assignment.**

   Comment: Competency may apply to factors such as, but not limited to, an appraiser's familiarity with a specific type of property or asset, a market, a geographic area, an intended use, specific laws and regulations, or an analytical method. If such a factor is necessary for an appraiser to develop credible assignment results, the appraiser is responsible for having the competency to address that factor or for following the steps outlined below to satisfy this COMPETENCY RULE.

   For assignments with retrospective opinions and conclusions, the appraiser must meet the requirements of this COMPETENCY RULE at the time of the assignment, rather than the effective date.

### Acquiring Competency

**If an appraiser determines he or she is not competent prior to accepting an assignment, the appraiser must:**

1. **disclose the lack of knowledge and/or experience to the client before accepting the assignment;**

2. **take all steps necessary or appropriate to complete the assignment competently; and**

3. **describe, in the report, the lack of knowledge and/or experience and the steps taken to complete the assignment competently.**

   Comment: Competency can be acquired in various ways, including, but not limited to, personal study by the appraiser, association with an appraiser reasonably believed to have the necessary knowledge and/or experience, or retention of others who possess the necessary knowledge and/or experience.

   In an assignment where geographic competency is necessary, an appraiser who is not familiar with the relevant market characteristics must acquire an understanding necessary to produce credible assignment results for the specific property type and market involved.

**When facts or conditions are discovered during the course of an assignment that cause an appraiser to determine, at that time, that he or she lacks the required knowledge and experience to complete the assignment competently, the appraiser must:**

1. **notify the client, and**

2. **take all steps necessary or appropriate to complete the assignment competently, and**

**COMPETENCY RULE**

> **3.   describe, in the report, the lack of knowledge and/or experience and the steps taken to complete the assignment competently.**

**Lack of Competency**

If the assignment cannot be completed competently, the appraiser must decline or withdraw from the assignment.

USPAP 2012-2013 Edition
©The Appraisal Foundation

**SCOPE OF WORK RULE**[3]

**For each appraisal, appraisal review, and appraisal consulting assignment, an appraiser must:**

   **1.   identify the problem to be solved;**

   **2.   determine and perform the scope of work necessary to develop credible assignment results; and**

   **3.   disclose the scope of work in the report.**

**An appraiser must properly identify the problem to be solved in order to determine the appropriate scope of work. The appraiser must be prepared to demonstrate that the scope of work is sufficient to produce credible assignment results.**

   Comment: Scope of work includes, but is not limited to:

   - the extent to which the property is identified;
   - the extent to which tangible property is inspected;
   - the type and extent of data researched; and
   - the type and extent of analyses applied to arrive at opinions or conclusions.

   Appraisers have broad flexibility and significant responsibility in determining the appropriate scope of work for an appraisal, appraisal review, and appraisal consulting assignment.

   Credible assignment results require support by relevant evidence and logic. The credibility of assignment results is always measured in the context of the intended use.

**Problem Identification**

**An appraiser must gather and analyze information about those assignment elements that are necessary to properly identify the appraisal, appraisal review or appraisal consulting problem to be solved.**

   Comment: The assignment elements necessary for problem identification are addressed in the applicable Standards Rules (i.e., SR 1-2, SR 3-1, SR 4-2, SR 6-2, SR 7-2 and SR 9-2). In an appraisal assignment, for example, identification of the problem to be solved requires the appraiser to identify the following assignment elements:

   - client and any other intended users;
   - intended use of the appraiser's opinions and conclusions;
   - type and definition of value;
   - effective date of the appraiser's opinions and conclusions;
   - subject of the assignment and its relevant characteristics; and
   - assignment conditions.

   This information provides the appraiser with the basis for determining the type and extent of research and analyses to include in the development of an appraisal. Similar information is necessary for problem identification in appraisal review and appraisal consulting assignments.

   Communication with the client is required to establish most of the information necessary for problem identification. However, the identification of relevant characteristics is a judgment made by the appraiser that requires competency in that type of assignment.

---

[3] See Advisory Opinion 28, *Scope of Work Decision, Performance, and Disclosure* and Advisory Opinion 29, *An Acceptable Scope of Work*.

SCOPE OF WORK RULE

Assignment conditions include assumptions, extraordinary assumptions, hypothetical conditions, laws and regulations, jurisdictional exceptions, and other conditions that affect the scope of work. Laws include constitutions, legislative and court-made law, administrative rules, and ordinances. Regulations include rules or orders, having legal force, issued by an administrative agency.

**Scope of Work Acceptability**[4]

**The scope of work must include the research and analyses that are necessary to develop credible assignment results.**

Comment: The scope of work is acceptable when it meets or exceeds:

- the expectations of parties who are regularly intended users for similar assignments; and

- what an appraiser's peers' actions would be in performing the same or a similar assignment.

Determining the scope of work is an ongoing process in an assignment. Information or conditions discovered during the course of an assignment might cause the appraiser to reconsider the scope of work.

An appraiser must be prepared to support the decision to exclude any investigation, information, method, or technique that would appear relevant to the client, another intended user, or the appraiser's peers.

**An appraiser must not allow assignment conditions to limit the scope of work to such a degree that the assignment results are not credible in the context of the intended use.**

Comment: If relevant information is not available because of assignment conditions that limit research opportunities (such as conditions that place limitations on inspection or information gathering), an appraiser must withdraw from the assignment unless the appraiser can:

- modify the assignment conditions to expand the scope of work to include gathering the information; or

- use an extraordinary assumption about such information, if credible assignment results can still be developed.

**An appraiser must not allow the intended use of an assignment or a client's objectives to cause the assignment results to be biased.**

**Disclosure Obligations**

**The report must contain sufficient information to allow intended users to understand the scope of work performed.**

Comment: Proper disclosure is required because clients and other intended users rely on the assignment results. Sufficient information includes disclosure of research and analyses performed and might also include disclosure of research and analyses not performed.

---

[4] See Advisory Opinion 29, *An Acceptable Scope of Work*.

**JURISDICTIONAL EXCEPTION RULE**

**If any applicable law or regulation precludes compliance with any part of USPAP, only that part of USPAP becomes void for that assignment.**

Comment: When compliance with USPAP is required by federal law or regulation, no part of USPAP can be voided by a law or regulation of a state or local jurisdiction.

**In an assignment involving a jurisdictional exception, an appraiser must:**

1. **identify the law or regulation that precludes compliance with USPAP;**

2. **comply with that law or regulation;**

3. **clearly and conspicuously disclose in the report the part of USPAP that is voided by that law or regulation; and**

4. **cite in the report the law or regulation requiring this exception to USPAP compliance.**

Comment: The JURISDICTIONAL EXCEPTION RULE provides a saving or severability clause intended to preserve the balance of USPAP if compliance with one or more of its parts is precluded by the law or regulation of a jurisdiction.  When an appraiser properly follows this Rule in disregarding a part of USPAP, there is no violation of USPAP.

Law includes constitutions, legislative and court-made law, and administrative rules and ordinances.   Regulations include rules or orders having legal force, issued by an administrative agency.  Instructions from a client or attorney do not establish a jurisdictional exception.

STANDARD 1

STANDARD 1: REAL PROPERTY APPRAISAL, DEVELOPMENT

**In developing a real property appraisal, an appraiser must identify the problem to be solved, determine the scope of work necessary to solve the problem, and correctly complete research and analyses necessary to produce a credible appraisal.**

Comment: STANDARD 1 is directed toward the substantive aspects of developing a credible appraisal of real property. The requirements set forth in STANDARD 1 follow the appraisal development process in the order of topics addressed and can be used by appraisers and the users of appraisal services as a convenient checklist.

**Standards Rule 1-1**

**In developing a real property appraisal, an appraiser must:**

**(a)   be aware of, understand, and correctly employ those recognized methods and techniques that are necessary to produce a credible appraisal;**

Comment: This Standards Rule recognizes that the principle of change continues to affect the manner in which appraisers perform appraisal services. Changes and developments in the real estate field have a substantial impact on the appraisal profession. Important changes in the cost and manner of constructing and marketing commercial, industrial, and residential real estate as well as changes in the legal framework in which real property rights and interests are created, conveyed, and mortgaged have resulted in corresponding changes in appraisal theory and practice. Social change has also had an effect on appraisal theory and practice. To keep abreast of these changes and developments, the appraisal profession is constantly reviewing and revising appraisal methods and techniques and devising new methods and techniques to meet new circumstances. For this reason, it is not sufficient for appraisers to simply maintain the skills and the knowledge they possess when they become appraisers. Each appraiser must continuously improve his or her skills to remain proficient in real property appraisal.

**(b)   not commit a substantial error of omission or commission that significantly affects an appraisal; and**

Comment: An appraiser must use sufficient care to avoid errors that would significantly affect his or her opinions and conclusions. Diligence is required to identify and analyze the factors, conditions, data, and other information that would have a significant effect on the credibility of the assignment results.

**(c)   not render appraisal services in a careless or negligent manner, such as by making a series of errors that, although individually might not significantly affect the results of an appraisal, in the aggregate affects the credibility of those results.**

Comment: Perfection is impossible to attain, and competence does not require perfection. However, an appraiser must not render appraisal services in a careless or negligent manner. This Standards Rule requires an appraiser to use due diligence and due care.

**Standards Rule 1-2**

**In developing a real property appraisal, an appraiser must:**

(a)    identify the client and other intended users;[5]

(b)    identify the intended use of the appraiser's opinions and conclusions;[6]

Comment: An appraiser must not allow the intended use of an assignment or a client's objectives to cause the assignment results to be biased.[7]

(c)    identify the type and definition of value, and, if the value opinion to be developed is market value, ascertain whether the value is to be the most probable price:

(i)    in terms of cash; or

(ii)    in terms of financial arrangements equivalent to cash; or

(iii)    in other precisely defined terms; and

(iv)    if the opinion of value is to be based on non-market financing or financing with unusual conditions or incentives, the terms of such financing must be clearly identified and the appraiser's opinion of their contributions to or negative influence on value must be developed by analysis of relevant market data;

Comment: When exposure time is a component of the definition for the value opinion being developed, the appraiser must also develop an opinion of reasonable exposure time linked to that value opinion.[8]

(d)    identify the effective date of the appraiser's opinions and conclusions;[9]

(e)    identify the characteristics of the property that are relevant to the type and definition of value and intended use of the appraisal,[10] including:

(i)    its location and physical, legal, and economic attributes;

(ii)    the real property interest to be valued;

(iii)    any personal property, trade fixtures, or intangible items that are not real property but are included in the appraisal;

(iv)    any known easements, restrictions, encumbrances, leases, reservations, covenants, contracts, declarations, special assessments, ordinances, or other items of a similar nature; and

---

[5]  See Statement on Appraisal Standards No. 9, *Identification of Intended Use and Intended Users.*

[6]  See Statement on Appraisal Standards No. 9, *Identification of Intended Use and Intended Users.*

[7]  See Advisory Opinion 19, *Unacceptable Assignment Conditions in Real Property Appraisal Assignments.*

[8]  See Statement on Appraisal Standards No. 6, *Reasonable Exposure Time in Real Property and Personal Property Opinions of Value.* See also Advisory Opinion 7, *Marketing Time Opinions,* and Advisory Opinion 22, *Scope of Work in Market Value Appraisal Assignments, Real Property.*

[9]  See Statement on Appraisal Standards No. 3, *Retrospective Value Opinions*, and Statement on Appraisal Standards No. 4, *Prospective Value Opinions.*

[10]  See Advisory Opinion 2, *Inspection of Subject Property,* and Advisory Opinion 23, *Identifying the Relevant Characteristics of the Subject Property of a Real Property Appraisal Assignment.*

**STANDARD 1**

> **(v)    whether the subject property is a fractional interest, physical segment, or partial holding;**

> Comment on (i)–(v): The information used by an appraiser to identify the property characteristics must be from sources the appraiser reasonably believes are reliable.

> An appraiser may use any combination of a property inspection and documents, such as a physical legal description, address, map reference, copy of a survey or map, property sketch, or photographs, to identify the relevant characteristics of the subject property.

> When appraising proposed improvements, an appraiser must examine and have available for future examination, plans, specifications, or other documentation sufficient to identify the extent and character of the proposed improvements.[11]

> Identification of the real property interest appraised can be based on a review of copies or summaries of title descriptions or other documents that set forth any known encumbrances.

> An appraiser is not required to value the whole when the subject of the appraisal is a fractional interest, a physical segment, or a partial holding.

**(f)    identify any extraordinary assumptions necessary in the assignment;**

> Comment: An extraordinary assumption may be used in an assignment only if:

> - it is required to properly develop credible opinions and conclusions;
> - the appraiser has a reasonable basis for the extraordinary assumption;
> - use of the extraordinary assumption results in a credible analysis; and
> - the appraiser complies with the disclosure requirements set forth in USPAP for extraordinary assumptions.

**(g)    identify any hypothetical conditions necessary in the assignment; and**

> Comment: A hypothetical condition may be used in an assignment only if:

> - use of the hypothetical condition is clearly required for legal purposes, for purposes of reasonable analysis, or for purposes of comparison;
> - use of the hypothetical condition results in a credible analysis; and
> - the appraiser complies with the disclosure requirements set forth in USPAP for hypothetical conditions.

**(h)    determine the scope of work necessary to produce credible assignment results in accordance with the SCOPE OF WORK RULE.[12]**

**Standards Rule 1-3**

**When necessary for credible assignment results in developing a market value opinion, an appraiser must:**

---

[11] See Advisory Opinion 17, *Appraisals of Real Property with Proposed Improvements.*

[12] See Advisory Opinion 28, *Scope of Work Decision, Performance, and Disclosure,* and Advisory Opinion 29, *An Acceptable Scope of Work.*

USPAP 2012-2013 Edition
©The Appraisal Foundation

(a)    **identify and analyze the effect on use and value of existing land use regulations, reasonably probable modifications of such land use regulations, economic supply and demand, the physical adaptability of the real estate, and market area trends; and**

Comment: An appraiser must avoid making an unsupported assumption or premise about market area trends, effective age, and remaining life.

(b)    **develop an opinion of the highest and best use of the real estate.**

Comment: An appraiser must analyze the relevant legal, physical, and economic factors to the extent necessary to support the appraiser's highest and best use conclusion(s).

**Standards Rule 1-4**

**In developing a real property appraisal, an appraiser must collect, verify, and analyze all information necessary for credible assignment results.**

(a)    **When a sales comparison approach is necessary for credible assignment results, an appraiser must analyze such comparable sales data as are available to indicate a value conclusion.**

(b)    **When a cost approach is necessary for credible assignment results, an appraiser must:**

 (i)    **develop an opinion of site value by an appropriate appraisal method or technique;**

 (ii)   **analyze such comparable cost data as are available to estimate the cost new of the improvements (if any); and**

 (iii)  **analyze such comparable data as are available to estimate the difference between the cost new and the present worth of the improvements (accrued depreciation).**

(c)    **When an income approach is necessary for credible assignment results, an appraiser must:**

 (i)    **analyze such comparable rental data as are available and/or the potential earnings capacity of the property to estimate the gross income potential of the property;**

 (ii)   **analyze such comparable operating expense data as are available to estimate the operating expenses of the property;**

 (iii)  **analyze such comparable data as are available to estimate rates of capitalization and/or rates of discount; and**

 (iv)   **base projections of future rent and/or income potential and expenses on reasonably clear and appropriate evidence.[13]**

  Comment: In developing income and expense statements and cash flow projections, an appraiser must weigh historical information and trends, current supply and demand factors affecting such trends, and anticipated events such as competition from developments under construction.

(d)    **When developing an opinion of the value of a leased fee estate or a leasehold estate, an appraiser must analyze the effect on value, if any, of the terms and conditions of the lease(s).**

---

[13] See Statement on Appraisal Standards No. 2, *Discounted Cash Flow Analysis*.

**STANDARD 1**

---

**(e)**    **When analyzing the assemblage of the various estates or component parts of a property, an appraiser must analyze the effect on value, if any, of the assemblage.  An appraiser must refrain from valuing the whole solely by adding together the individual values of the various estates or component parts.**

Comment: Although the value of the whole may be equal to the sum of the separate estates or parts, it also may be greater than or less than the sum of such estates or parts. Therefore, the value of the whole must be tested by reference to appropriate data and supported by an appropriate analysis of such data.

A similar procedure must be followed when the value of the whole has been established and the appraiser seeks to value a part. The value of any such part must be tested by reference to appropriate data and supported by an appropriate analysis of such data.

**(f)**    **When analyzing anticipated public or private improvements, located on or off the site, an appraiser must analyze the effect on value, if any, of such anticipated improvements to the extent they are reflected in market actions.**

**(g)**    **When personal property, trade fixtures, or intangible items are included in the appraisal, the appraiser must analyze the effect on value of such non-real property items.**

Comment: When the scope of work includes an appraisal of personal property, trade fixtures or intangible items, competency in personal property appraisal (see STANDARD 7) or business appraisal (see STANDARD 9) is required.

**Standards Rule 1-5**

**When the value opinion to be developed is market value, an appraiser must, if such information is available to the appraiser in the normal course of business:[14]**

**(a)**    **analyze all agreements of sale, options, and listings of the subject property current as of the effective date of the appraisal; and**

**(b)**    **analyze all sales of the subject property that occurred within the three (3) years prior to the effective date of the appraisal.[15]**

Comment: See the Comments to Standards Rules 2-2(a)(viii), 2-2(b)(viii), and 2-2(c)(viii) for corresponding reporting requirements relating to the availability and relevance of information.

**Standards Rule 1-6**

**In developing a real property appraisal, an appraiser must:**

**(a)**    **reconcile the quality and quantity of data available and analyzed within the approaches used; and**

---

[14] See Advisory Opinion 24, *Normal Course of Business*.

[15] See Advisory Opinion 1, *Sales History*.

**(b)**     **reconcile the applicability and relevance of the approaches, methods and techniques used to arrive at the value conclusion(s).**

STANDARD 2

**STANDARD 2: REAL PROPERTY APPRAISAL, REPORTING**

**In reporting the results of a real property appraisal, an appraiser must communicate each analysis, opinion, and conclusion in a manner that is not misleading.**

> Comment: STANDARD 2 addresses the content and level of information required in a report that communicates the results of a real property appraisal.
>
> STANDARD 2 does not dictate the form, format, or style of real property appraisal reports. The form, format, and style of a report are functions of the needs of intended users and appraisers. The substantive content of a report determines its compliance.

**Standards Rule 2-1**

**Each written or oral real property appraisal report must:**

**(a)    clearly and accurately set forth the appraisal in a manner that will not be misleading;**

**(b)    contain sufficient information to enable the intended users of the appraisal to understand the report properly; and**

**(c)    clearly and accurately disclose all assumptions, extraordinary assumptions, hypothetical conditions, and limiting conditions used in the assignment.**

**Standards Rule 2-2**

**Each written real property appraisal report must be prepared under one of the following three options and prominently state which option is used: Self-Contained Appraisal Report, Summary Appraisal Report, or Restricted Use Appraisal Report.[16]**

> Comment: When the intended users include parties other than the client, either a Self-Contained Appraisal Report or a Summary Appraisal Report must be provided. When the intended users do not include parties other than the client, a Restricted Use Appraisal Report may be provided.
>
> The essential difference among these three options is in the content and level of information provided. The appropriate reporting option and the level of information necessary in the report are dependent on the intended use and the intended users.
>
> An appraiser must use care when characterizing the type of report and level of information communicated upon completion of an assignment. An appraiser may use any other label in addition to, but not in place of, the label set forth in this Standard for the type of report provided.
>
> The report content and level of information requirements set forth in this Standard are minimums for each type of report. An appraiser must supplement a report form, when necessary, to ensure that any intended user of the appraisal is not misled and that the report complies with the applicable content requirements set forth in this Standards Rule.

---

[16] See Advisory Opinion 11, *Content of the Appraisal Report Options of Standards Rules 2-2 and 8-2,* and Advisory Opinion 12, *Use of the Appraisal Report Options of Standards Rules 2-2 and 8-2.*

USPAP 2012-2013 Edition
©The Appraisal Foundation

A party receiving a copy of a Self-Contained Appraisal Report, Summary Appraisal Report, or Restricted Use Appraisal Report in order to satisfy disclosure requirements does not become an intended user of the appraisal unless the appraiser identifies such party as an intended user as part of the assignment.

**(a)**   **The content of a Self-Contained Appraisal Report must be consistent with the intended use of the appraisal and, at a minimum:**

   **(i)**   **state the identity of the client and any intended users, by name or type;[17]**

Comment: An appraiser must use care when identifying the client to ensure a clear understanding and to avoid violations of the <u>Confidentiality</u> section of the ETHICS RULE. In those rare instances when the client wishes to remain anonymous, an appraiser must still document the identity of the client in the workfile but may omit the client's identity in the report.

Intended users of the report might include parties such as lenders, employees of government agencies, partners of a client, and a client's attorney and accountant.

   **(ii)**   **state the intended use of the appraisal;[18]**

   **(iii)**   **describe information sufficient to identify the real estate involved in the appraisal, including the physical and economic property characteristics relevant to the assignment;[19]**

Comment: The real estate involved in the appraisal can be specified, for example, by a legal description, address, map reference, copy of a survey or map, property sketch and/or photographs or the like. The information can include a property sketch and photographs in addition to written comments about the legal, physical, and economic attributes of the real estate relevant to the type and definition of value and intended use of the appraisal.

   **(iv)**   **state the real property interest appraised;**

Comment: The statement of the real property rights being appraised must be substantiated, as needed, by copies or summaries of title descriptions or other documents that set forth any known encumbrances.

   **(v)**   **state the type and definition of value and cite the source of the definition;**

Comment: Stating the definition of value also requires any comments needed to clearly indicate to the intended users how the definition is being applied.

When reporting an opinion of market value, state whether the opinion of value is:

- in terms of cash or of financing terms equivalent to cash, or
- based on non-market financing or financing with unusual conditions or incentives.

---

[17] See Statement on Appraisal Standards No. 9, *Identification of Intended Use and Intended Users.*

[18] See Statement on Appraisal Standards No. 9, *Identification of Intended Use and Intended Users.*

[19] See Advisory Opinion 2, *Inspection of Subject Property,* and Advisory Opinion 23, *Identifying the Relevant Characteristics of the Subject Property of a Real Property Appraisal Assignment.*

**STANDARD 2**

When an opinion of market value is not in terms of cash or based on financing terms equivalent to cash, summarize the terms of such financing and explain their contributions to or negative influence on value.

When an opinion of reasonable exposure time has been developed in compliance with Standards Rule 1-2(c), the opinion must be stated in the report.[20]

(vi)   **state the effective date of the appraisal and the date of the report;[21]**

Comment: The effective date of the appraisal establishes the context for the value opinion, while the date of the report indicates whether the perspective of the appraiser on the market and property as of the effective date of the appraisal was prospective, current, or retrospective.

(vii)   **describe the scope of work used to develop the appraisal;[22]**

Comment: Because intended users' reliance on an appraisal may be affected by the scope of work, the report must enable them to be properly informed and not misled. Sufficient information includes disclosure of research and analyses performed and might also include disclosure of research and analyses not performed.

When any portion of the work involves significant real property appraisal assistance, the appraiser must describe the extent of that assistance. The signing appraiser must also state the name(s) of those providing the significant real property appraisal assistance in the certification, in accordance with Standards Rule 2-3.[23]

(viii)   **describe the information analyzed, the appraisal methods and techniques employed, and the reasoning that supports the analyses, opinions, and conclusions; exclusion of the sales comparison approach, cost approach, or income approach must be explained;**

Comment: A Self-Contained Appraisal Report must include sufficient information to indicate that the appraiser complied with the requirements of STANDARD 1. The amount of detail required will vary with the significance of the information to the appraisal.

The appraiser must provide sufficient information to enable the client and intended users to understand the rationale for the opinions and conclusions, including reconciliation of the data and approaches, in accordance with Standards Rule 1-6.

When reporting an opinion of market value, a summary of the results of analyzing the subject sales, options, and listings in accordance with Standards Rule 1-5 is required.[24] If such information is unobtainable, a statement on the efforts undertaken by the appraiser to obtain the information is required. If such information is

---

[20] See Statement on Appraisal Standards No. 6, *Reasonable Exposure Time in Real Property and Personal Property Opinions of Value.* See also Advisory Opinion 7, *Marketing Time Opinions,* and Advisory Opinion 22, *Scope of Work in Market Value Appraisal Assignments, Real Property.*

[21] See Statement on Appraisal Standards No. 3, *Retrospective Value Opinions,* and Statement on Appraisal Standards No. 4, *Prospective Value Opinions.*

[22] See Advisory Opinion 28, *Scope of Work Decision, Performance, and Disclosure* and Advisory Opinion 29, *An Acceptable Scope of Work.*

[23] See Advisory Opinion 31, *Assignments Involving More than One Appraiser.*

[24] See Advisory Opinion 1, *Sales History.*

irrelevant, a statement acknowledging the existence of the information and citing its lack of relevance is required.

    **(ix)** **state the use of the real estate existing as of the date of value and the use of the real estate reflected in the appraisal; and, when an opinion of highest and best use was developed by the appraiser, describe the support and rationale for that opinion;**

    **(x)** **clearly and conspicuously:**

        • **state all extraordinary assumptions and hypothetical conditions; and**
        • **state that their use might have affected the assignment results; and**

    **(xi)** **include a signed certification in accordance with Standards Rule 2-3.**

**(b)** **The content of a Summary Appraisal Report must be consistent with the intended use of the appraisal and, at a minimum:**

Comment: The essential difference between the Self-Contained Appraisal Report and the Summary Appraisal Report is the level of detail of presentation.

    **(i)** **state the identity of the client and any intended users, by name or type;[25]**

        Comment: An appraiser must use care when identifying the client to ensure a clear understanding and to avoid violations of the Confidentiality section of the ETHICS RULE. In those rare instances when the client wishes to remain anonymous, an appraiser must still document the identity of the client in the workfile but may omit the client's identity in the report.

        Intended users of the report might include parties such as lenders, employees of government agencies, partners of a client, and a client's attorney and accountant.

    **(ii)** **state the intended use of the appraisal;[26]**

    **(iii)** **summarize information sufficient to identify the real estate involved in the appraisal, including the physical and economic property characteristics relevant to the assignment;[27]**

        Comment: The real estate involved in the appraisal can be specified, for example, by a legal description, address, map reference, copy of a survey or map, property sketch, and/or photographs or the like. The summarized information can include a property sketch and photographs in addition to written comments about the legal, physical, and economic attributes of the real estate relevant to the type and definition of value and intended use of the appraisal.

    **(iv)** **state the real property interest appraised;**

---

[25] See Statement on Appraisal Standards No. 9, *Identification of Intended Use and Intended Users.*

[26] See Statement on Appraisal Standards No. 9, *Identification of Intended Use and Intended Users.*

[27] See Advisory Opinion 2, *Inspection of Subject Property,* and Advisory Opinion 23, *Identifying the Relevant Characteristics of the Subject Property of a Real Property Appraisal Assignment.*

**STANDARD 2**

Comment: The statement of the real property rights being appraised must be substantiated, as needed, by copies or summaries of title descriptions or other documents that set forth any known encumbrances.

**(v)      state the type and definition of value and cite the source of the definition;**

Comment: Stating the definition of value also requires any comments needed to clearly indicate to the intended users how the definition is being applied.

When reporting an opinion of market value, state whether the opinion of value is:

- in terms of cash or of financing terms equivalent to cash, or
- based on non-market financing or financing with unusual conditions or incentives.

When an opinion of market value is not in terms of cash or based on financing terms equivalent to cash, summarize the terms of such financing and explain their contributions to or negative influence on value.

When an opinion of reasonable exposure time has been developed in compliance with Standards Rule 1-2(c), the opinion must be stated in the report.[28]

**(vi)     state the effective date of the appraisal and the date of the report;[29]**

Comment: The effective date of the appraisal establishes the context for the value opinion, while the date of the report indicates whether the perspective of the appraiser on the market and property as of the effective date of the appraisal was prospective, current, or retrospective.

**(vii)    summarize the scope of work used to develop the appraisal;[30]**

Comment: Because intended users' reliance on an appraisal may be affected by the scope of work, the report must enable them to be properly informed and not misled. Sufficient information includes disclosure of research and analyses performed and might also include disclosure of research and analyses not performed.

When any portion of the work involves significant real property appraisal assistance, the appraiser must summarize the extent of that assistance. The signing appraiser must also state the name(s) of those providing the significant real property appraisal assistance in the certification, in accordance with Standards Rule 2-3.[31]

**(viii)   summarize the information analyzed, the appraisal methods and techniques employed, and the reasoning that supports the analyses, opinions, and conclusions; exclusion of the sales comparison approach, cost approach, or income approach must be explained;**

---

[28] See Statement on Appraisal Standards No. 6, *Reasonable Exposure Time in Real Property and Personal Property Opinions of Value.* See also Advisory Opinion 7, *Marketing Time Opinions,* and Advisory Opinion 22, *Scope of Work in Market Value Appraisal Assignments, Real Property.*

[29] See Statement on Appraisal Standards No. 3, *Retrospective Value Opinions,* and Statement on Appraisal Standards No. 4, *Prospective Value Opinions.*

[30] See Advisory Opinion 28, *Scope of Work Decision, Performance, and Disclosure,* and Advisory Opinion 29, *An Acceptable Scope of Work.*

[31] See Advisory Opinion 31, *Assignments Involving More than One Appraiser.*

Comment: A Summary Appraisal Report must include sufficient information to indicate that the appraiser complied with the requirements of STANDARD 1. The amount of detail required will vary with the significance of the information to the appraisal.

The appraiser must provide sufficient information to enable the client and intended users to understand the rationale for the opinions and conclusions, including reconciliation of the data and approaches, in accordance with Standards Rule 1-6.

When reporting an opinion of market value, a summary of the results of analyzing the subject sales, options, and listings in accordance with Standards Rule 1-5 is required.[32] If such information is unobtainable, a statement on the efforts undertaken by the appraiser to obtain the information is required. If such information is irrelevant, a statement acknowledging the existence of the information and citing its lack of relevance is required.

(ix) **state the use of the real estate existing as of the date of value and the use of the real estate reflected in the appraisal; and, when an opinion of highest and best use was developed by the appraiser, summarize the support and rationale for that opinion;**

(x) **clearly and conspicuously:**

- **state all extraordinary assumptions and hypothetical conditions; and**
- **state that their use might have affected the assignment results; and**

(xi) **include a signed certification in accordance with Standards Rule 2-3.**

(c) **The content of a Restricted Use Appraisal Report must be consistent with the intended use of the appraisal and, at a minimum:**

(i) **state the identity of the client, by name or type;[33] and state a prominent use restriction that limits use of the report to the client and warns that the appraiser's opinions and conclusions set forth in the report may not be understood properly without additional information in the appraiser's workfile;**

Comment: An appraiser must use care when identifying the client to ensure a clear understanding and to avoid violations of the Confidentiality section of the ETHICS RULE. In those rare instances when the client wishes to remain anonymous, an appraiser must still document the identity of the client in the workfile but may omit the client's identity in the report.

The Restricted Use Appraisal Report is for client use only. Before entering into an agreement, the appraiser should establish with the client the situations where this type of report is to be used and should ensure that the client understands the restricted utility of the Restricted Use Appraisal Report.

(ii) **state the intended use of the appraisal;[34]**

---

[32] See Advisory Opinion 1, *Sales History*

[33] See Statement on Appraisal Standards No. 9, *Identification of Intended Use and Intended Users*.

[34] See Statement on Appraisal Standards No. 9, *Identification of Intended Use and Intended Users*.

**STANDARD 2**

Comment: The intended use of the appraisal must be consistent with the limitation on use of the Restricted Use Appraisal Report option in this Standards Rule (i.e., client use only).

**(iii)    state information sufficient to identify the real estate involved in the appraisal;[35]**

Comment: The real estate involved in the appraisal can be specified, for example, by a legal description, address, map reference, copy of a survey or map, property sketch, and/or photographs or the like.

**(iv)    state the real property interest appraised;**

**(v)    state the type of value and cite the source of its definition;[36]**

Comment: When an opinion of reasonable exposure time has been developed in compliance with Standards Rule 1-2(c), the opinion must be stated in the report.

**(vi)    state the effective date of the appraisal and the date of the report;[37]**

Comment: The effective date of the appraisal establishes the context for the value opinion, while the date of the report indicates whether the perspective of the appraiser on the market and property as of the effective date of the appraisal was prospective, current, or retrospective.

**(vii)    state the scope of work used to develop the appraisal;[38]**

Comment: Because the client's reliance on an appraisal may be affected by the scope of work, the report must enable them to be properly informed and not misled. Sufficient information includes disclosure of research and analyses performed and might also include disclosure of research and analyses not performed.

When any portion of the work involves significant real property appraisal assistance, the appraiser must state the extent of that assistance. The signing appraiser must also state the name(s) of those providing the significant real property appraisal assistance in the certification, in accordance with Standards Rule 2-3.[39]

**(viii)    state the appraisal methods and techniques employed, state the value opinion(s) and conclusion(s) reached, and reference the workfile; exclusion of the sales comparison approach, cost approach, or income approach must be explained;**

Comment: An appraiser must maintain a specific, coherent workfile in support of a Restricted Use Appraisal Report. The contents of the workfile must include sufficient

---

[35] See Advisory Opinion 2, *Inspection of Subject Property*. References to Advisory Opinions are for guidance only and do not incorporate Advisory Opinions into USPAP.

[36] See Statement on Appraisal Standards No. 6, *Reasonable Exposure Time in Real Property and Personal Property Opinions of Value*. See also Advisory Opinion 7, *Marketing Time Opinions,* and Advisory Opinion 22*, Scope of Work in Market Value Appraisal Assignments, Real Property.*

[37] See Statement on Appraisal Standards No. 3, *Retrospective Value Opinions,* and Statement on Appraisal Standards No. 4, *Prospective Value Opinions*.

[38] See Advisory Opinions 28, *Scope of Work Decision, Performance, and Disclosure,* and Advisory Opinion 29, *An Acceptable Scope of Work.*

[39] See Advisory Opinion 31, *Assignments Involving More than One Appraiser.*

U-28

USPAP 2012-2013 Edition
©The Appraisal Foundation

information to indicate that the appraiser complied with the requirements of STANDARD 1 and for the appraiser to produce a Summary Appraisal Report.

When reporting an opinion of market value, a summary of the results of analyzing the subject sales, options, and listings in accordance with Standards Rule 1-5 is required. If such information is unobtainable, a statement on the efforts undertaken by the appraiser to obtain the information is required. If such information is irrelevant, a statement acknowledging the existence of the information and citing its lack of relevance is required.

**(ix)** **state the use of the real estate existing as of the date of value and the use of the real estate reflected in the appraisal; and, when an opinion of highest and best use was developed by the appraiser, state that opinion;**

**(x)** **clearly and conspicuously:**

- **state all extraordinary assumptions and hypothetical conditions; and**
- **state that their use might have affected the assignment results; and**

**(xi)** **include a signed certification in accordance with Standards Rule 2-3.**

**Standards Rule 2-3**

**Each written real property appraisal report must contain a signed certification that is similar in content to the following form:**

**I certify that, to the best of my knowledge and belief:**

— **the statements of fact contained in this report are true and correct.**
— **the reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.**
— **I have no (or the specified) present or prospective interest in the property that is the subject of this report and no (or the specified) personal interest with respect to the parties involved.**
— **I have performed no (or the specified) services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.**
— **I have no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.**
— **my engagement in this assignment was not contingent upon developing or reporting predetermined results.**
— **my compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.**
— **my analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the *Uniform Standards of Professional Appraisal Practice.***
— **I have (or have not) made a personal inspection of the property that is the subject of this report. (If more than one person signs this certification, the certification must**

STANDARD 2

**clearly specify which individuals did and which individuals did not make a personal inspection of the appraised property.)[40]**

— **no one provided significant real property appraisal assistance to the person signing this certification. (If there are exceptions, the name of each individual providing significant real property appraisal assistance must be stated.)**

Comment: A signed certification is an integral part of the appraisal report. An appraiser who signs any part of the appraisal report, including a letter of transmittal, must also sign this certification.

In an assignment that includes only assignment results developed by the real property appraiser(s), any appraiser(s) who signs a certification accepts full responsibility for all elements of the certification, for the assignment results, and for the contents of the appraisal report.  In an assignment that includes personal property, business or intangible asset assignment results not developed by the real property appraiser(s), any real property appraiser(s) who signs a certification accepts full responsibility for the real property elements of the certification, for the real property assignment results, and for the real property contents of the appraisal report.

When a signing appraiser(s) has relied on work done by appraisers and others who do not sign the certification, the signing appraiser is responsible for the decision to rely on their work. The signing appraiser(s) is required to have a reasonable basis for believing that those individuals performing the work are competent. The signing appraiser(s) also must have no reason to doubt that the work of those individuals is credible.

The names of individuals providing significant real property appraisal assistance who do not sign a certification must be stated in the certification. It is not required that the description of their assistance be contained in the certification, but disclosure of their assistance is required in accordance with Standards Rule 2-2(a), (b), or (c)(vii), as applicable.[41]

**Standards Rule 2-4**

**To the extent that it is both possible and appropriate, an oral real property appraisal report must address the substantive matters set forth in Standards Rule 2-2(b).**

Comment: See the RECORD KEEPING RULE for corresponding requirements.

---

[40] See Advisory Opinion 2, *Inspection of Subject Property.*

[41] See Advisory Opinion 31, *Assignments Involving More than One Appraiser.*

USPAP 2012-2013 Edition
©The Appraisal Foundation

Case: 4:17-cv-02876-PLC   Doc. #: 64-5   Filed: 03/20/19   Page: 29 of 43 PageID #: 946

**STANDARD 3: APPRAISAL REVIEW, DEVELOPMENT AND REPORTING**

**In developing an appraisal review assignment, an appraiser acting as a reviewer must identify the problem to be solved, determine the scope of work necessary to solve the problem, and correctly complete research and analyses necessary to produce a credible appraisal review. In reporting the results of an appraisal review assignment, an appraiser acting as a reviewer must communicate each analysis, opinion, and conclusion in a manner that is not misleading.**

> Comment: STANDARD 3 is directed toward the substantive aspects of developing a credible opinion of the quality of another appraiser's work that was performed as part of an appraisal, appraisal review, or real property appraisal consulting assignment.

> STANDARD 3 also addresses the content and level of information required in a report that communicates the results of an appraisal review assignment. STANDARD 3 does not dictate the form, format, or style of Appraisal Review Reports. The substantive content of a report determines its compliance.

> In this Standard, the term "reviewer" is used to refer to an appraiser performing an appraisal review.

**Standards Rule 3-1**

**In developing an appraisal review, the reviewer must**:

**(a)   be aware of, understand, and correctly employ those methods and techniques that are necessary to produce a credible appraisal review;**

> Comment: Changes and developments in economics, finance, law, technology, and society can have a substantial impact on the appraisal profession. To keep abreast of these changes and developments, the appraisal profession is constantly reviewing and revising appraisal methods and techniques and devising new methods and techniques to meet new circumstances. Each appraiser must continuously improve his or her skills to remain proficient in appraisal review.

> The reviewer must have the knowledge and experience needed to identify and perform the scope of work necessary to produce credible assignment results. Aspects of competency for an appraisal review, depending on the review assignment's scope of work, may include, without limitation, familiarity with the specific type of property or asset, market, geographic area, analytic method, and applicable laws, regulations and guidelines.

**(b)   not commit a substantial error of omission or commission that significantly affects an appraisal review; and**

> Comment: A reviewer must use sufficient care to avoid errors that would significantly affect his or her opinions and conclusions. Diligence is required to identify and analyze the factors, conditions, data, and other information that would have a significant effect on the credibility of the assignment results.

**(c)   not render appraisal review services in a careless or negligent manner, such as making a series of errors that, although individually might not significantly affect the results of an appraisal review, in the aggregate affects the credibility of those results.**

**STANDARD 3**

Comment: Perfection is impossible to attain, and competence does not require perfection. However, an appraiser must not render appraisal review services in a careless or negligent manner. This Standards Rule requires a reviewer to use due diligence and due care.

**Standards Rule 3-2**

**In developing an appraisal review, the reviewer must:**

**(a)    identify the client and other intended users;**

**(b)    identify the intended use of the reviewer's opinions and conclusions;**

Comment: A reviewer must not allow the intended use of an assignment or a client's objectives to cause the assignment results to be biased. A reviewer must not advocate for a client's objectives.

The intended use refers to the use of the reviewer's opinions and conclusions by the client and other intended users; examples include, without limitation, quality control, audit, qualification, or confirmation.

**(c)    identify the purpose of the appraisal review, including whether the assignment includes the development of the reviewer's own opinion of value, review opinion or real property appraisal consulting conclusion related to the work under review;**

Comment: The purpose of an appraisal review assignment relates to the reviewer's objective; examples include, without limitation, to determine if the results of the work under review are credible for the intended user's intended use, or to evaluate compliance with relevant USPAP requirements, client requirements, or applicable regulations.

In the review of an appraisal assignment, the reviewer may provide an opinion of value for the property that is the subject of the work under review.

In the review of an appraisal review assignment, the reviewer may provide an opinion of quality for the work that is the subject of the appraisal review assignment.

In the review of an appraisal consulting assignment, the reviewer may provide an analysis, recommendation, or opinion for the consulting problem that is the subject of the real property appraisal consulting assignment.

**(d)    identify the work under review and the characteristics of that work which are relevant to the intended use and purpose of the appraisal review, including:**

**(i)      any ownership interest in the property that is the subject of the work under review;**

**(ii)     the date of the work under review and the effective date of the opinions or conclusions in the work under review;**

**(iii)    the appraiser(s) who completed the work under review, unless the identity is withheld by the client; and**

**(iv)    the physical, legal, and economic characteristics of the property, properties, property type(s), or market area in the work under review.**

Comment: The subject of an appraisal review assignment may be all or part of a report, a workfile, or a combination of these, and may be related to an appraisal, appraisal review, or appraisal consulting assignment.

**(e)**    **identify the effective date of the reviewer's opinions and conclusions;**

**(f)**    **identify any extraordinary assumptions necessary in the review assignment;**

Comment:  An extraordinary assumption may be used in a review assignment only if:

- it is required to properly develop credible opinions and conclusions;
- the reviewer has a reasonable basis for the extraordinary assumption;
- use of the extraordinary assumption results in a credible analysis; and
- the reviewer complies with the disclosure requirements set forth in USPAP for extraordinary assumptions.

**(g)**    **identify any hypothetical conditions necessary in the review assignment; and**

Comment: A hypothetical condition may be used in a review assignment only if:

- use of the hypothetical condition is clearly required for legal purposes, for purposes of reasonable analysis, or for purposes of comparison;
- use of the hypothetical condition results in a credible analysis; and
- the reviewer complies with the disclosure requirements set forth in USPAP for hypothetical conditions

**(h)**    **determine the scope of work necessary to produce credible assignment results in accordance with the SCOPE OF WORK RULE.**

Comment: Reviewers have broad flexibility and significant responsibility in determining the appropriate scope of work in an appraisal review assignment.

Information that should have been considered by the original appraiser can be used by the reviewer in developing an opinion as to the quality of the work under review.

Information that was not available to the original appraiser in the normal course of business may also be used by the reviewer; however, the reviewer must not use such information in the reviewer's development of an opinion as to the quality of the work under review.

**Standards Rule 3-3**

**In developing an appraisal review, a reviewer must apply the appraisal review methods and techniques that are necessary for credible assignment results.**

**(a)**    **When necessary for credible assignment results in the review of analyses, opinions, and conclusions, the reviewer must:**

**(i)**    **develop an opinion as to whether the analyses are appropriate within the context of the requirements applicable to that work;**

**(ii)**    **develop an opinion as to whether the opinions and conclusions are credible within the context of the requirements applicable to that work; and**

**(iii)**    **develop the reasons for any disagreement.**

Comment: Consistent with the reviewer's scope of work, the reviewer is required to develop an opinion as to the completeness, accuracy, adequacy, relevance, and reasonableness of the analysis in the work under review, given law, regulations, or intended user requirements applicable to the work under review.

STANDARD 3

**(b)** **When necessary for credible assignment results in the review of a report, the reviewer must:**

    **(i)** **develop an opinion as to whether the report is appropriate and not misleading within the context of the requirements applicable to that work; and**

    **(ii)** **develop the reasons for any disagreement.**

Comment: Consistent with the reviewer's scope of work, the reviewer is required to develop an opinion as to the completeness, accuracy, adequacy, relevance, and reasonableness of the report, given law, regulations, or intended user requirements applicable to that work.

**(c)** **When the scope of work includes the reviewer developing his or her own opinion of value, review opinion, or real property appraisal consulting conclusion, the reviewer must comply with the Standard applicable to the development of that opinion.**

    **(i)** **The requirements of STANDARDS 1, 6, 7, and 9 apply to the reviewer's opinion of value for the property that is the subject of the appraisal review assignment.**

    **(ii)** **The requirements of STANDARD 3 apply to the reviewer's opinion of quality for the work that is the subject of the appraisal review assignment.**

    **(iii)** **The requirements of STANDARD 4 apply to the reviewer's analysis, recommendation, or opinion for the consulting problem that is the subject of the appraisal consulting assignment.**

Comment: These requirements apply to:

- The reviewer's own opinion of value when the subject of the review is the product of an appraisal assignment;
- The reviewer's own opinion regarding the work reviewed by another when the subject of the review is the product of an appraisal review assignment; or
- The reviewer's own appraisal consulting conclusion when the subject of the review is the product of an appraisal consulting assignment.

These requirements apply whether the reviewer's own opinion:

- concurs with the opinions and conclusions in the work under review; or
- differs from the opinion and conclusions in the work under review.

When the appraisal review scope of work includes the reviewer developing his or her own opinion of value, review opinion or real property appraisal consulting conclusion, the following apply:

- The reviewer's scope of work in developing his or her own opinion of value, review opinion, or real property appraisal consulting conclusion may be different from that of the work under review.
- The effective date of the appraisal, appraisal review, or appraisal consulting opinions and conclusions may be the same or different from the effective date of the work under review.
- The reviewer is not required to replicate the steps completed by the original appraiser. Those items in the work under review that the reviewer concludes are credible can be extended to the reviewer's development process on the basis of an extraordinary assumption. Those items not deemed to be credible must be replaced with information or analysis developed in conformance with STANDARD 1, 3, 4, 6, 7, or 9, as applicable, to produce credible assignment results.

U-34

**STANDARD 3**

**Standards Rule 3-4**

**Each written or oral Appraisal Review Report must be separate from the work under review and must:**

**(a)      clearly and accurately set forth the appraisal review in a manner that will not be misleading;**

**(b)      contain sufficient information to enable the intended users of the appraisal review to understand the report properly; and**

**(c)      clearly and accurately disclose all assumptions, extraordinary assumptions, and hypothetical conditions used in the assignment.**

Comment: An Appraisal Review Report communicates the results of an appraisal review, which can have as its subject another appraiser's work in an appraisal, appraisal review, or appraisal consulting assignment.

The report content and level of information in the Appraisal Review Report is specific to the needs of the client, other intended users, the intended use, and requirements applicable to the assignment. The reporting requirements set forth in this Standard are the minimum for an Appraisal Review Report.

**Standards Rule 3-5**

**The content of an Appraisal Review Report must be consistent with the intended use of the appraisal review and, at a minimum:**

**(a)      state the identity of the client and any intended users, by name or type;**

**(b)      state the intended use of the appraisal review;**

**(c)      state the purpose of the appraisal review;**

**(d)      state information sufficient to identify:**

**(i)      the work under review, including any ownership interest in the property that is the subject of the work under review;**

**(ii)      the date of the work under review;**

**(iii)      the effective date of the opinions or conclusions in the work under review; and**

**(iv)      the appraiser(s) who completed the work under review, unless the identity is withheld by the client.**

Comment: If the identity of the appraiser(s) in the work under review is withheld by the client, that fact must be stated in the appraisal review report.

**(e)      state the effective date of the appraisal review;**

**(f)      clearly and conspicuously:**

**•      state all extraordinary assumptions and hypothetical conditions; and**
**•      state that their use might have affected the assignment results.**

**(g)      state the scope of work used to develop the appraisal review;**

Comment: Because intended users' reliance on an appraisal review may be affected by the scope of work, the appraisal review report must enable them to be properly informed and not

**STANDARD 3**

misled.  Sufficient information includes disclosure of research and analyses performed and might also include disclosure of research and analyses not performed.

When any portion of the work involves significant appraisal, appraisal review, or appraisal consulting assistance, the reviewer must state the extent of that assistance.  The signing reviewer must also state the name(s) of those providing the significant assistance in the certification, in accordance with Standards Rule 3-6.

**(h)**    **state the reviewer's opinions and conclusions about the work under review, including the reasons for any disagreement;**

Comment: The report must provide sufficient information to enable the client and intended users to understand the rationale for the reviewer's opinions and conclusions.

**(i)**    **when the scope of work includes the reviewer's development of an opinion of value, review opinion, or real property appraisal consulting conclusion related to the work under review, the reviewer must:**

    **(i)**    **state which information, analyses, opinions, and conclusions in the work under review that the reviewer accepted as credible and used in developing the reviewer's opinion and conclusions;**

    **(ii)**    **at a minimum, summarize any additional information relied on and the reasoning for the reviewer's opinion of value, review opinion, or real property appraisal consulting conclusion related to the work under review;**

    **(iii)**    **clearly and conspicuously:**

- **state all extraordinary assumptions and hypothetical conditions connected with the reviewer's opinion of value, review opinion, or real property appraisal consulting conclusion related to the work under review; and**

- **state that their use might have affected the assignment results.**

Comment: The reviewer may include his or her own opinion of value, review opinion, or appraisal consulting conclusion related to the work under review within the appraisal review report itself without preparing a separate report.  However, data and analyses provided by the reviewer to support a different opinion or conclusion must match, at a minimum, except for the certification requirements, the reporting requirements for a:

- Summary Appraisal Report for a real property appraisal (Standards Rule 2-2(b));
- Summary Appraisal Report for a personal property appraisal (Standards Rule 8-2(b));
- Appraisal Review Report for an appraisal review (Standards Rule 3-5);
- Appraisal Consulting Report for real property appraisal consulting (Standards Rule 5-2);
- Mass Appraisal Report for mass appraisal (Standards Rule 6-8); and
- Appraisal Report for business appraisal (Standards Rule 10-2(a)).

**Standards Rule 3-6**

**Each written Appraisal Review Report must contain a signed certification that is similar in content to the following form:**

**I certify that, to the best of my knowledge and belief:**

    —    **the statements of fact contained in this report are true and correct.**

— **the reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.**

— **I have no (or the specified) present or prospective interest in the property that is the subject of the work under review and no (or the specified) personal interest with respect to the parties involved.**

— **I have performed no (or the specified) other services, as an appraiser or in any other capacity, regarding the property that is the subject of the work under review within the three-year period immediately preceding acceptance of this assignment.**

— **I have no bias with respect to the property that is the subject of the work under review or to the parties involved with this assignment.**

— **my engagement in this assignment was not contingent upon developing or reporting predetermined results.**

— **my compensation is not contingent on an action or event resulting from the analyses, opinions, or conclusions in this review or from its use.**

— **my compensation for completing this assignment is not contingent upon the development or reporting of predetermined assignment results or assignment results that favors the cause of the client, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal review.**

— **my analyses, opinions, and conclusions were developed and this review report was prepared in conformity with the *Uniform Standards of Professional Appraisal Practice*.**

— **I have (or have not) made a personal inspection of the subject of the work under review. (If more than one person signs this certification, the certification must clearly specify which individuals did and which individuals did not make a personal inspection of the subject of the work under review.) (For reviews of a business or intangible asset appraisal assignment, the inspection portion of the certification is not applicable.)**

— **no one provided significant appraisal, appraisal review, or appraisal consulting assistance to the person signing this certification. (If there are exceptions, the name of each individual(s) providing appraisal, appraisal review, or appraisal consulting assistance must be stated.)**

Comment: A signed certification is an integral part of the Appraisal Review Report. A reviewer who signs any part of the appraisal review report, including a letter of transmittal, must also sign the certification.

Any reviewer who signs a certification accepts responsibility for all elements of the certification, for the assignment results, and for the contents of the Appraisal Review Report.

Appraisal review is distinctly different from the cosigning activity addressed in Standards Rules 2-3, 5-3, 6-9, 8-3, and 10-3. To avoid confusion between these activities, a reviewer performing an appraisal review must not sign the work under review unless he or she intends to accept responsibility as a cosigner of that work.

When a signing appraiser has relied on work done by appraisers and others who do not sign the certification, the signing appraiser is responsible for the decision to rely on their work. The signing appraiser is required to have a reasonable basis for believing that those individuals performing the work are competent. The signing appraiser also must have no reason to doubt that the work of those individuals is credible.

The names of individuals providing significant appraisal, appraisal review, or appraisal consulting assistance who do not sign a certification must be stated in the certification. It is

**STANDARD 3**

not required that the description of their assistance be contained in the certification, but disclosure of their assistance is required in accordance with Standards Rule 3-5(g).

**Standards Rule 3-7**

**To the extent that it is both possible and appropriate, an oral Appraisal Review Report must address the substantive matters set forth in Standards Rule 3-5.**

Comment: See the RECORD KEEPING RULE for corresponding requirements.

USPAP 2012-2013 Edition
©The Appraisal Foundation

STANDARD 4: REAL PROPERTY APPRAISAL CONSULTING, DEVELOPMENT

**In developing a real property appraisal consulting assignment, an appraiser must identify the problem to be solved, determine the scope of work necessary to solve the problem, and correctly complete the research and analyses necessary to produce credible results.**

> Comment: Real property appraisal consulting assignments encompass a wide variety of problems to be solved. However, the purpose of an assignment under this Standard is always to develop, without advocacy, an analysis, recommendation, or opinion where at least one opinion of value is a component of the analysis leading to the assignment results.
>
> In some assignments, the opinion of value may originate from a source other than the consulting appraiser. In other assignments, the consulting appraiser may have to develop the opinion of value as a step in the analyses leading to the assignment results.
>
> An opinion of value or an opinion as to the quality of another appraiser's work cannot be the purpose of an appraisal consulting assignment. Developing an assignment for those purposes is an appraisal or an appraisal review assignment, respectively. Misrepresenting the purpose of an assignment performed under this Standard is a violation of the ETHICS RULE.
>
> The ETHICS and COMPETENCY RULES apply to the appraiser performing an appraisal consulting assignment. Appraisers practicing under this Standard must perform the assignment with impartiality, objectivity, independence, and without accommodation of personal interests.
>
> Except when required by law, regulation, agreement, or choice, this appraisal consulting STANDARD does not apply to services provided by an appraiser acting under the standards of other professions or business activities. For example, when an appraiser who is also an investment consultant provides a service that does not require an opinion of value, that appraiser, acting as an investment consultant, is not performing an assignment addressed by this Standard.

**Standards Rule 4-1**

**In performing a real property appraisal consulting assignment, an appraiser must:**

**(a)     be aware of, understand, and correctly employ those recognized methods and techniques that are necessary to produce credible results;**

**(b)     not commit a substantial error of omission or commission that significantly affects the results of an appraisal consulting assignment; and**

**(c)     not render appraisal consulting services in a careless or negligent manner, such as by making a series of errors that, although individually might not significantly affect the results, in the aggregate affect the credibility of those results.**

**STANDARD 4**

**Standards Rule 4-2**

**In developing real property appraisal consulting assignment results, an appraiser must:**

**(a)    identify the client and other intended users;**[42]

**(b)    identify the intended use of the appraisal consulting assignment results;**[43]

**(c)    identify:**

     **(i)    the analysis, recommendation or opinion to be developed; and**

     **(ii)    the type and definition of value developed in the appraisal(s) that is a necessary component of an analysis supporting the appraisal consulting assignment results;**

     Comment: If the applicable type and definition of value is market value, ascertain whether that value is to be the most probable price:

- in terms of cash; or
- in terms of financial arrangements equivalent to cash; or
- in other precisely defined terms; and
- if the opinion of value is to be based on non-market financing or financing with unusual conditions or incentives, the terms of such financing must be clearly identified and the appraiser's opinion of their contributions to or negative influence on value must be developed by analysis of relevant market data.

**(d)    identify the effective date of the appraisal consulting assignment results;**[44]

**(e)    identify the physical, legal, and economic characteristics of the property, properties, property type(s), or market area that are relevant**[45] **to:**

     **(i)    the analysis, recommendation or opinion to be developed in the appraisal consulting assignment; and**

     **(ii)    an opinion of value that is a necessary component of an analysis supporting the appraisal consulting assignment results;**

**(f)    identify any extraordinary assumptions necessary in the appraisal consulting assignment and in developing the opinion(s) of value necessary to support the appraisal consulting assignment results;**

     Comment: An extraordinary assumption may be used in an assignment only if:

- it is required to properly develop credible opinions and conclusions;
- the  appraiser has a reasonable basis for the extraordinary assumption;
- use of the extraordinary assumption results in a credible analysis; and

---

[42] See Statement on Appraisal Standards No. 9, *Identification of Intended Use and Intended Users*.

[43] See Statement on Appraisal Standards No. 9, *Identification of Intended Use and Intended Users*.

[44] See Statement on Appraisal Standards No. 3, *Retrospective Value Opinions* and Statement on Appraisal Standards No. 4, *Prospective Value Opinions*.

[45] See Advisory Opinion 2, *Inspection of Subject Property*, and Advisory Opinion 23, *Identifying the Relevant Characteristics of the Subject Property of a Real Property Appraisal Assignment.*

U-40

©The Appraisal Foundation

- the appraiser complies with the disclosure requirements set forth in USPAP for extraordinary assumptions.

**(g)** **identify any hypothetical conditions necessary in the appraisal consulting assignment and in developing the opinion(s) of value necessary to support the appraisal consulting assignment results; and**

Comment: A hypothetical condition may be used in an assignment only if:

- use of the hypothetical condition is clearly required for legal purposes, for purposes of reasonable analysis, or for purposes of comparison;
- use of the hypothetical condition results in a credible analysis; and
- the appraiser complies with the disclosure requirements set forth in USPAP for hypothetical conditions.

**(h)** **determine the scope of work necessary to produce credible assignment results in accordance with the SCOPE OF WORK RULE[46], including:**

**(i)** **the appraisal consulting methods and techniques to be employed,  and**

**(ii)** **the research and analysis required to:**

- **ascertain the relevance and credibility of an opinion of value obtained from a source other than the appraiser performing the appraisal consulting assignment, or**
- **develop an opinion of value that is a necessary component of an analysis supporting the appraisal consulting assignment results;**

Comment: An appraiser must ensure that any opinion of value used in an appraisal consulting assignment was developed in compliance with STANDARD 1.

If an opinion of value used in a real property appraisal consulting assignment is from a source other than the consulting appraiser, the assignment may include a review, prepared in compliance with STANDARD 3, of that appraisal. Alternatively, the appraiser may accept an appraisal from another source using an extraordinary assumption in the appraisal consulting assignment, provided that all conditions necessary to use such an extraordinary assumption are fulfilled.

If the opinion of value is from an appraisal developed by the appraiser performing the real property appraisal consulting assignment, the appraiser must complete the steps set forth in STANDARD 1.

---

[46] See Advisory Opinion 28, *Scope of Work Decision, Performance, and Disclosure,* and Advisory Opinion 29, *An Acceptable Scope of Work.*

## STANDARD 5

**STANDARD 5: REAL PROPERTY APPRAISAL CONSULTING, REPORTING**

**In reporting the results of a real property appraisal consulting assignment, an appraiser must communicate each analysis, opinion, and conclusion in a manner that is not misleading.**

> Comment: STANDARD 5 addresses the content and level of information required in a report that communicates the results of a real property appraisal consulting assignment.

> An appraiser must explain logically and convincingly the reasoning that leads to his or her conclusions. The flow of information must be orderly and progressive. The level of information necessary in the report is dependent on the intended use and intended users. The level of information detail in the report must be sufficient to enable the client and intended users of the report to understand the appraisal consulting assignment results and not be misled.

> STANDARD 5 does not dictate the form, format, or style of real property appraisal consulting reports. The form, format, and style of a report are functions of the needs of intended users and appraisers. The substantive content of a report determines its compliance.

### Standards Rule 5-1

**Each written or oral real property appraisal consulting report must:**

**(a)    clearly and accurately set forth the appraisal consulting assignment results in a manner that will not be misleading;**

**(b)    contain sufficient information to enable the intended users of the appraisal consulting assignment results to understand the report properly; and**

**(c)    clearly and accurately disclose all assumptions, extraordinary assumptions, hypothetical conditions, and limiting conditions used in the assignment.**

> Comment: The content of a real property appraisal consulting report must be sufficiently comprehensive so that an intended user can understand the problem addressed and the analyses, and follow the reasoning through each step of the analytical process. It is essential that throughout the report the data, analyses, assumptions and conclusions are logical and adequately supported.

### Standards Rule 5-2

**The content of each written real property appraisal consulting report must be consistent with the intended use of the appraisal consulting assignment results and, at a minimum:**

**(a)    state the identity of the client and any intended users, by name or type;[47]**

> Comment:   An appraiser must use care when identifying the client to ensure a clear understanding and to avoid violations of the Confidentiality section of the ETHICS RULE. In those rare instances where the client wishes to remain anonymous, an appraiser must still document the identity of the client in the workfile, but may omit the client's identity in the report.

---

[47] See Statement on Appraisal Standards No. 9, *Identification of Intended Use and Intended Users.*

U-42

Intended users of the report might include parties such as lenders, employees of government agencies, partners of a client, and a client's attorney and accountant.

**(b)    state the analysis, recommendation or opinion developed;**

**(c)    state the intended use of the appraisal consulting assignment;[48]**

**(d)    state information sufficient to identify the real property pertinent to the appraisal consulting assignment, and state the physical, legal, and economic characteristics of the property, properties, property types, or market area pertinent to the assignment;[49]**

**(e)    state the effective date of the appraisal consulting assignment results, the date of appraisal pertinent to each opinion of value used in an analysis in support of the appraisal consulting results, and the date of the appraisal consulting report;[50]**

**(f)    state the scope of work used to develop the assignment results;[51]**

Comment: Because intended users' reliance on assignment results may be affected by the scope of work, the report must enable them to be properly informed and not misled. Sufficient information includes disclosure of research and analyses performed and might also include disclosure of research and analyses not performed.

When any portion of the work involves significant real property appraisal or appraisal consulting assistance, the appraisal consultant must describe the extent of that assistance. The signing consulting appraiser must also state the name(s) of those providing significant real property appraisal or appraisal consulting assistance in the certification, in accordance with Standards Rule 5-3.[52]

**(g)    summarize the information used in the appraisal consulting analyses, the appraisal consulting methods and techniques employed, and the reasoning that supports the analyses, opinions, and conclusions;**

Comment: If the value opinion used in the appraisal consulting assignment was not performed by the consulting appraiser, the appraisal consulting report must include:

- the information required in Standards Rule 3-5, or
- a statement of the appraisal review results, and a reference to the appraisal review documentation retained in the appraisal consultant's appraisal consulting assignment workfile, or
- a statement supporting the use of that appraisal as an extraordinary assumption in the appraisal consulting assignment.

If an opinion of value was developed by the consulting appraiser, the appraisal consulting report must include the information required to comply with Standards Rule 2-2(a) or (b)(ii) through (x). Standards Rule 2-2(c)(ii) through (x) is also permitted if the client is the only intended user of the assignment results.

---

[48] See Statement on Appraisal Standards No. 9, *Identification of Intended Use and Intended Users.*

[49] See Advisory Opinion 2, *Inspection of Subject Property.*

[50] See Statement on Appraisal Standards No. 3, *Retrospective Value Opinions,* and Statement on Appraisal Standards No. 4, *Prospective Value Opinions.*

[51] See Advisory Opinion 28, *Scope of Work Decision, Performance, and Disclosure,* and 29, *An Acceptable Scope of Work.*

[52] See Advisory Opinion 31, *Assignments Involving More than One Appraiser.*

STANDARD 5

(h)    state the appraiser's appraisal consulting recommendations (if any), and conclusions or opinions;

(i)    clearly and conspicuously:

- state all extraordinary assumptions and hypothetical conditions; and
- state that their use might have affected the assignment results; and

(j)    include a signed certification in accordance with Standards Rule 5-3.

**Standards Rule 5-3**

Each written real property appraisal consulting report must contain a signed certification that is similar in content to the following form:

I certify that, to the best of my knowledge and belief:

— the statements of fact contained in this report are true and correct.

— the reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions, and are my personal, impartial, and unbiased professional analyses, opinions, conclusions, and recommendations.

— I have no (or the specified) present or prospective interest in the property that is the subject of this report, and I have no (or the specified) personal interest with respect to the parties involved.

— I have performed no (or the specified) services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.

— I have no bias with respect to any property that is the subject of this report or to the parties involved with this assignment.

— my engagement in this assignment was not contingent upon developing or reporting predetermined results.

— my compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal consulting assignment.

— my analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the *Uniform Standards of Professional Appraisal Practice.*

— I have (or have not) made a personal inspection of the property that is the subject of this report. (If more than one person signs this certification, the certification must clearly specify which individuals did and which individuals did not make a personal inspection of the property).[53]

— no one provided significant real property appraisal or appraisal consulting assistance to the person signing this certification. (If there are exceptions, the name of each individual providing significant real property appraisal or appraisal consulting assistance must be stated.)

Comment: A signed certification is an integral part of the appraisal consulting report. An appraiser who signs any part of the appraisal consulting report, including a letter of transmittal, must also sign the certification.

In an assignment that includes only assignment results developed by the real property appraiser(s), any appraiser(s) who signs a certification accepts full responsibility for all

---

[53] See Advisory Opinion 2, *Inspection of Subject Property*.

USPAP 2012-2013 Edition
©The Appraisal Foundation

elements of the certification, for the assignment results, and for the contents of the appraisal consulting report.  In an assignment that includes personal property, business or intangible asset assignment results not developed by the real property appraiser(s), any real property appraiser(s) who signs a certification accepts full responsibility for the real property elements of the certification, for the real property assignment results, and for the real property contents of the appraisal consulting report.

If the signing consulting appraiser(s) has relied on work done by appraisers and others who do not sign the certification, then the signing consulting appraiser(s) is responsible for the decision to rely on such work. The signing consulting appraiser is required to have a reasonable basis for believing that those individuals performing the work are competent.  The signing appraiser(s) also must have no reason to doubt that the work of those individuals is credible.

The names of individuals providing significant real property appraisal or appraisal consulting assistance who do not sign the certification must be stated in the certification. It is not required that the description of their assistance be contained in the certification, but disclosure of their assistance is required in accordance with Standards Rule 5-2(f).[54]

**Standards Rule 5-4**

**To the extent that it is both possible and appropriate, an oral real property appraisal consulting report must address the substantive matters set forth in Standards Rule 5-2.**

Comment: See the RECORD KEEPING RULE for corresponding requirements.

---

[54] See Advisory Opinion 31, *Assignments Involving More than One Appraiser*.